IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| ANTHONY R. MILIAUSKAS, as Independent Administrator of the Estate of CHARMAINE T. MILIAUSKAS, Deceased,<br><br>Plaintiff,<br><br>v.<br><br>BRIDGESTONE/FIRESTONE, INC., BRIDGESTONE/FIRESTONE NORTH AMERICAN TIRE, LLC, and BRIDGESTONE/FIRESTONE AMERICAS HOLDING, INC.,<br><br>Defendants. | No. 02 C 4170<br><br>Chief Judge Charles P. Kocoras |

## MEMORANDUM IN SUPPORT OF DEFENDANT'S MOTION TO TRANSFER

The accident that forms the basis of Plaintiff's claims in this case occurred in Kentucky. Kentucky law enforcement and emergency personnel responded to this accident. Plaintiff's wife, on whose behalf Plaintiff brings this lawsuit, was attended to by personnel from the coroner's office in McCracken County, Kentucky. Kentucky law applies to this case. There is even a companion case currently pending in Kentucky that arises out of the same accident, *Sonja Plaisance v. Bridgestone/Firestone, Inc., et al.*, No. 02-CI-544. For all of these reasons, and based on the authority outlined below, Defendant Bridgestone/Firestone North American Tire, LLC, successor to Bridgestone/Firestone, Inc. ("Firestone"), on behalf of all the Firestone Defendants, moves this Court to exercise its discretion



under 28 U.S.C. §1404(a) and transfer this case to the United States District Court for the Western District of Kentucky.

## I. FACTUAL BACKGROUND.

This product liability and negligence action arises out of a motor vehicle accident that occurred on June 30, 2001, on Interstate 24, in Paducah, Kentucky. Plaintiff contends that his wife was killed after the 1996 Plymouth Neon in which she was riding suffered a rear tire tread separation. (Exhibit A, Plaintiff's Complaint, Count I, at ¶12.) Plaintiff claims that the subject tire was unreasonably dangerous and that Firestone was negligence with respect to its design and manufacture. (Exhibit A, Count I at ¶15, Count II at ¶16.)

The Kentucky Uniform Police Traffic Collision Report (master file #677215) ("Police Report") (relevant excerpts attached as Exhibit B) and the Paducah Police Department Vehicle Collision Report ("Addendum" to the Police Report) (relevant excerpts attached as Exhibit C) provide information about individuals who were involved in the accident or who arrived at the scene shortly thereafter. The driver of the Plymouth Neon, Shari Wallace, was a resident of Paducah, Kentucky. (Exhibit A, Count I at ¶12; Exhibit B, at 3; Exhibit C, at 2.) The other passenger in this vehicle, Anne Sullivan, was also a resident of Paducah, Kentucky. (Exhibit B, at 3; Exhibit C, at 3.) At the time of the accident, the subject vehicle was owned and maintained in Kentucky by Ms. Wallace.

2

As identified in the Addendum to the Police Report, at least 13 Paducah, Kentucky police officers responded to the accident. (Exhibit C, at 4.) In addition, 10 members of the Paducah Fire Department and 15 emergency services personnel were present at the scene after the accident, as were two individuals from the McCracken County Coroner's Office. (Exhibit C, at 4.)

Gordon Lewis, the driver of the 2000 Ford Excursion hit by the Plymouth Neon, resides in Fort Payne, Alabama. (Exhibit B, at 4; Exhibit C, at 2.) Shirley Hurley, the driver of the 1999 GMC Suburban that was also impacted during this accident, resides in Paducah, Kentucky. (Exhibit B, at 5; Exhibit C, at 2.) There are a number of additional witnesses to relevant events, including the following: Donna Gill, who resides in Paducah Kentucky; Russell Kelley, who resides in Brownstown, Illinois; Kim Kohutko, who resides in Atlanta, Georgia; and John Shelley, who resides in Fort Payne, Alabama. (Exhibit B, at 4; Exhibit C, at 2-3.) In addition, Ms. Wallace's father, Charles Crooks, may be called to testify. (Exhibit C, at 12.) To date, Firestone has received no information to suggest that Mr. Crooks lives anywhere other than in or near Paducah, Kentucky.

On May 22, 2002, Sonja Plaisance filed a lawsuit in McCracken County, Kentucky against Firestone and Ms. Wallace based on the same accident that forms the basis of Plaintiff's present lawsuit. The *Plaisance* action remains pending in Kentucky.

II.  ARGUMENT.

   A.  <u>Standard For Transfer Of Venue.</u>

Pursuant to 28 U.S.C. §1404(a), "for the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought." A motion to transfer under Section 1404(a) is separate and distinct from a motion to dismiss for *forum non conveniens*. *Sanders v. Franklin*, 25 F. Supp. 2d 855, 857 (N.D. Ill. 1998). This Court has broad discretion to grant a motion to transfer under Section 1404(a). *Cote v. Wadel*, 796 F.2d 981, 985 (7th Cir. 1986). In fact, Section 1404(a) provides district courts with much greater discretion to transfer than they have under the doctrine of *forum non conveniens*. *Sanders*, 25 F. Supp. 2d at 857.

Transfer is appropriate under Section 1404(a) when the movant establishes that: (1) venue is proper in the transferor district; (2) venue and jurisdiction are proper in the transferee district; and (3) transfer of the case will serve the convenience of the parties and witnesses as well as the interest of justice. *Allied Van Lines, Inc. v. Aaron Transfer & Storage, Inc.*, 200 F. Supp. 3d 941, 946 (N.D. Ill. 2002) (granting defendant's motion to transfer); *Bryant v. ITT Corp.*, 48 F. Supp. 2d 829, 832 (N.D. Ill. 1999) (same); *Sanders*, 25 F. Supp. 2d at 857 (same).

   B.  <u>Venue Is Proper In The Transferor Court.</u>

The first requirement for a section 1404(a) motion to transfer is that venue be proper in the transferor court. *Allied Van Lines*, 200 F. Supp. 3d at 946; *Bryant*, 48

4

F. Supp. 2d at 832; *Sanders*, 25 F. Supp. 2d at 857. Although inconvenient for virtually all witnesses and Illinois residents, for reasons discussed below, venue is proper in the Northern District of Illinois pursuant to 28 U.S.C. §1391(a)(1).

### C. Venue And Jurisdiction Are Proper In The Transferee Court.

A movant must also demonstrate that venue and jurisdiction are proper in the transferee district. *Hoffman v. Blaski*, 363 U.S. at 335, 342-44 (1960). *See also Allied Van Lines*, 200 F. Supp. 3d at 946; *Bryant*, 48 F. Supp. 2d at 832; *Sanders*, 25 F. Supp. 2d at 857. Thus, the Court must determine whether this action initially could have been brought in the transferee court.

Plaintiff could have initially filed this case in the Western District of Kentucky. Subject matter jurisdiction would have been proper in that court on diversity jurisdiction grounds pursuant to 28 U.S.C. §1332(a)(1). Venue would have been proper in that court under 28 U.S.C. §1391(a)(2), providing for venue in "a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred...."

### D. Transfer Will Serve The Convenience Of The Witnesses And Parties As Well As The Interest Of Justice.

Although a motion to transfer under Section 1404(a) is distinct from a motion to dismiss pursuant to the doctrine of *forum non conveniens*, in analyzing the third prong of the transfer analysis, courts often apply the factors identified in *Gulf Oil Corp. v. Gilbert*, 330 U.S. 501, 508 (1947), the seminal Supreme Court opinion addressing the doctrine of *forum non conveniens*. *Gas Research Inst. v. Quantum*

5

*Group, Inc.*, No. 97 C. 4082, 1997 WL 433607, at *1 (N.D. Ill. July 29, 1997) (granting defendant's motion to transfer) (Exhibit D). Thus, to determine whether a transfer will be inconvenient to witnesses or parties and will serve the interest of justice, the court will weigh the public interest and the private interests of the parties to the litigation. *Gilbert*, 330 U.S. at 508. The private interest factors include: (1) the plaintiff's choice of forum; (2) the convenience to the witnesses and parties; (3) the situs of material events; and (4) the availability of evidence in each forum. *Gilbert*, 330 U.S. at 508-09. The public interest factors focus on whether a change of venue will promote the interests of justice, and include: (1) the relation of the community to the issue of the litigation and the desirability of resolving controversies in their locale; (2) the court's familiarity with applicable law; and (3) the congestion of the respective dockets. *Gulf Oil Corp.*, 330 U.S. at 508-09.

### 1. Private Interest Factors.

Application of the private interest factors enumerated above are most useful in considering the prong of Section 1404(a) analysis that addresses the convenience of the witnesses and parties. *Bryant*, 48 F. Supp. 2d at 832.

#### a. Plaintiff's Choice Of Forum.

A plaintiff's choice of forum is given significantly less deference in a motion to transfer under Section 1404(a) than in a motion to dismiss for *forum non conveniens*. *Chicago, Rock Island & Pac. R.R. Co. v. Igoe*, 220 F.2d 299, 304 (7th Cir. 1955) (district court abused its discretion in failing to grant defendant's motion to

6

transfer); *Alliance Gen. Ins. Co. v. Deutsch, Kerrigan & Stiles, L.L.P.*, No. 99 C 2311, 1999 WL 637205, at *1 (N.D. Ill. Aug. 16, 1999) (transfer under Section 1404(a) affords plaintiff's choice of forum substantially less force than the deference available under doctrine of *forum non conveniens*) (Exhibit E); *Gas Research Inst.*, 1997 WL 433607, at *2 ("Any plaintiff's choice of forum is materially less significant in the Section 1404(a) balancing process than under forum non conveniens, where the result of a decision against plaintiff is the actual *dismissal* of its lawsuit, rather than the case simply being moved to another forum.") (citing *Pipier Aircraft Co. v. Reyno*, 454 U.S. 235, 253 (1981)) (emphasis in original).

Even if the plaintiff is a resident of the chosen forum, where the majority of events at issue in a lawsuit occur outside that forum, a court acts well within its discretion to transfer the case. *C.H. Robinson Worldwide, Inc. v. Nat'l Products Corp.*, No. 01 C 6348, 2002 WL 99735, at *2 (N.D. Ill. Jan. 25, 2002) (transferring case from Northern District of Illinois even where plaintiff "notes that it is a resident of the State of Illinois.") (Exhibit F); *Robinson v. Town of Madison*, 752 F. Supp. 842, 847 (1990) (transferring case despite fact that plaintiff was Illinois resident); *Waller v. Burlington N. R.R. Co.*, 650 F. Supp. 988, 990 (1987) (in case involving car-train accident in Nebraska, "the only relation Illinois has to the underlying claims is that the decedents administrator happens to be an Illinois resident. Since Waller's choice of forum has little significant contact with the claims in the case, Waller's choice of venue is entitled to less deference...").

In light of the fact that all of the events at issue in this case occurred in Kentucky, and because Plaintiff's choice of forum is afforded less deference in this motion to transfer, the Court should transfer this action to the Western District of Kentucky.

### b. Convenience To The Witnesses And Parties.

Courts often identify the convenience of the witnesses as the most important factor in motions to transfer under Section 1404(a). *Gas Research Inst.*, 1997 WL 433607, at *2. There are various considerations when examining whether a forum is convenient for witnesses. *Naisbitt*, 1995 WL 535137, at *4. Courts should consider the number of witnesses located in each district, the nature and indispensability of the testimony of each witness, and the availability of compulsory process. *Id. See also Gilbert*, 330 U.S. 501 at 511 ("Certainly to fix the place of trial at a point where litigants cannot compel personal attendance and may be forced to try their cases on depositions, is to create a condition not satisfactory to the court, jury or most litigants."); *Law Offices of Michael P. Cascino v. Laudig, P.C.*, No. 94 C 909, 1995 WL 557483, at *5 (N.D. Ill. Sept. 15, 1995) (finding non-party witnesses to be substantially inconvenienced if they are forced to travel from Indianapolis to Chicago to testify) (Exhibit G).

In this case, there will undoubtedly be testimony by the many law enforcement and medical personnel who responded to the accident, all of whom are Kentucky residents. In the *Laudig* case, the court found the distance between

8

Indianapolis, to which the case was transferred, and Chicago, the original forum, to be too great to withstand a motion to transfer. *Laudig*, 1995 WL 557483, at *5. The witnesses in this case would suffer more inconvenience if forced to travel to Northern Illinois from Western Kentucky or even further east as is the case for some of the eyewitnesses.

The testimony of the non-party witnesses is indispensable because, without it, Firestone would be completely deprived of any possibility of defending itself against Plaintiff's own testimony. Moreover, these Kentucky residents will be beyond the subpoena powers of the Northern District of Illinois. Regardless of which party calls the witnesses to testify, it would obviously be more convenient for these individuals to testify at trial in Kentucky than Illinois. Similarly, it would be much more convenient if the trial was conducted in Kentucky when considering the cost of transporting these witnesses, the logistics and time in arranging for their testimony, and the ability to communicate with them and coordinate their presence at trial.

While Plaintiff is apparently an Illinois resident, this fact alone does not outweigh the numerous factors supporting transfer of this case to the Western District of Kentucky. Moreover, Firestone is neither incorporated nor has its principal place of business in Illinois or Kentucky. Thus, under no circumstance would Firestone be defending this lawsuit in its "home" state. It is far more convenient for Firestone to defend this action in the Western District of Kentucky in

9

light of its defense of the *Plaisance* lawsuit. *See, e.g., Waller*, 650 F. Supp. at 990 (because defendant must already defend other "closely related" cases in the District of Nebraska, "more than negligible inconvenience would be suffered by [defendant] if this action is litigated in the Northern District of Illinois."). Further, transfer of this action to Kentucky cannot be considered a significant inconvenience to Plaintiff, given that the only time he would be required to travel there would be for trial itself. Overall, the considerations of convenience described above overwhelmingly support transferring this case to Kentucky.

### c. Situs Of Material Events.

The location of the events at issue contributes to the determination of what venue would be more convenient. *See, e.g., Allied Van Lines*, 200 F. Supp. 2d at 947; *Bryant*, 48 F. Supp. 2d at 833 (transferring from Illinois to Kentucky because Kentucky was the situs of the majority of material events where the relevant considerations were condition of plaintiff's health while she was a Kentucky resident and plaintiff's medical treatment in Kentucky).

As in *Bryant*, Illinois was not the situs of the material events in this case. This accident occurred in Kentucky, all of the relevant witnesses reside in Kentucky, the subject vehicle was owned and maintained in Kentucky, and all medical treatment and coroner's investigations took place in Kentucky. These factors also support transferring this action.

10

### d. Ease Of Access To Proof.

Ease of access to proof is another one of the factors relevant to a motion to transfer under Section 1404(a). *See, e.g., Allied Van Lines*, 200 F. Supp. 2d at 946-47 (transfer warranted even where many documents at issue in the case were already located in Illinois as a result of a prior arbitration); *Israel Travel Advisory Serv., Inc. v. Legacy Israel Tours, Inc.*, No. 94 C 1311, 1994 WL 319291, at *3 (N.D. Ill. June 23, 1994) (fact that all documents were in another judicial district favored transfer) (Exhibit H). In this case, all documents relating to the subject vehicle, the response of emergency personnel, and the subsequent investigations are located in Kentucky.

### 2. Public Interest Factors.

When determining whether the movant has demonstrated that transfer will serve the interests of justice, courts should also examine those factors embracing traditional notions of judicial economy. *Bryant*, 48 F. Supp. 2d at 834; *Naisbitt*, 1995 WL 535137, at *5. However, public-interest factors need not be present to justify transfer of case to another district. *Dulin Assoc. v. Vincentian Home for the Chronically Ill*, No. 90 C 20051, 1990 WL 303597, at *3 (N.D. Ill. July 13, 1990) (ordering transfer despite the fact that "none of the public-interest factors, such as docket congestion, judicial administrative problems, etc., appear to be at issue in this motion to transfer.") (Exhibit I).

11

### a. Community's Interest In This Litigation.

This case has no significant relationship to Illinois. As such, neither the Court nor the citizens of Illinois have a vested interest in its adjudication. The Supreme Court has stated that, "jury duty is a burden that ought not be imposed upon the people of a community which has no relation to the litigation." *Gulf Oil Corp.*, 330 U.S. at 508. Because the accident occurred in Kentucky, the judicial districts of that state have a strong public interest in resolving this controversy. *See Barnes v. Rollins Dedicated Carriage Serv.*, 976 F. Supp. 767 (N.D. Ill. 1997) (forum where accident occurred has stronger public interest in resolving matter).

### b. Court's Familiarity With Applicable Law.

In this diversity action, the Court is bound to apply the law of the forum state, including its choice of law rules. *Klaxon v. Stentor Electric Mfg. Co.*, 313 U.S. 487, 496 (1941). Illinois applies the "most significant relationship" test as the choice of law theory applicable to tort actions. *Esser v. McIntyre*, 169 Ill. 2d 292, 661 N.E.2d 1138 (1996). Under this test, the law of the place of injury controls unless Illinois has a more significant relationship with the occurrence and with the parties. *Id.* Based on these factors, Kentucky law will govern this dispute.

The fact that Kentucky law applies in this case is yet another reason the action should be transferred to Kentucky. While Firestone has no doubt that this Court is exceedingly capable of applying Kentucky law to this case, the interests of justice would be best served if a Kentucky court and jury hear a case decided under

12

Kentucky law. *Naisbitt*, 1995 WL 535137, at *5. *See also Coffey v. Van Dorn Iron Works*, 796 F.2d 217, 221 (7th Cir. 1986) ("In a diversity action it is also considered advantageous to have federal judges try a case who are familiar with the applicable state law.") (citing *Van Dusen v. Barrack*, 376 U.S. 612, 645 (1964)).

### c.     Congestion Of Respective Dockets.

As the Supreme Court has stated, "administrative difficulties follow for courts when litigation is piled up in congested centers instead of being handled at its origin." *Gulf Oil Corp.*, 330 U.S. at 508. Prosecution of this lawsuit in Illinois unnecessarily increases the burden on the federal court system in this State and increases costs to both the taxpayers and to other litigants, properly in Illinois, whose claims are further delayed. For purposes of efficiency and judicial economy, Kentucky is the far more appropriate venue.

According to the Judicial Caseload Profiles for both the Northern District of Illinois and the Western District of Kentucky, this case would impose greater burden on the judiciary system and the residents of this district than on the Western District of Kentucky. In the calendar year 2001, there were 10,957 new filings in the Northern District of Illinois compared with only 1,742 in the Western District of Kentucky. (See the Judicial Caseload Profiles for both the Northern District of Illinois and the Western District of Kentucky, attached as Exhibit J). Statistics for that same year show that it took an average of 26.3 months between the filing of a case in the Northern District of Illinois and the time it went to trial.

There was a lapse of only 23.5 months in the Western District of Kentucky. In fact, the Caseload Profiles for both districts demonstrate that the cases pending in the Northern District of Illinois have consistently taken longer to resolve than in the relatively less-burdened Western District of Kentucky. (*See* Exhibit J).

The existence of a pending companion case in Kentucky also supports Firestone's requested transfer. *Technical Concepts L.P. v. Zurn Indus., Inc.*, No. 02 C 5150, 2002 WL 31433408, at *6 (N.D. Ill. Oct. 31, 2002) ("Generally, in order to achieve 'efficient administration of justice,' cases 'should be transferred to the district where related actions are pending.'") (citation omitted) (Exhibit K); *Laudig*, 1995 WL 55743, at *5; *Waller*, 650 F. Supp. At 990. The *Plaisance* lawsuit is pending in McCracken County, Kentucky, which sits within the Western District of Kentucky. Transfer under these circumstances best ensures consistent results and efficient utilization of resources. *Laudig*, 1995 WL 55743, at *5.

### III. CONCLUSION.

For all of the above reasons, Defendant Bridgestone/Firestone North American Tire, LLC, on behalf of all Firestone Defendants, respectfully requests that the Court transfer this case to the Western District of Kentucky.

> DEFENDANT
> BRIDGESTONE/FIRESTONE
> NORTH AMERICAN TIRE, LLC
>
> By: _/s/_
> One of Its Attorneys

14

Colin Smith
Michael J. Kanute
HOLLAND & KNIGHT LLC
55 W. Monroe St.
Suite 800
Chicago, IL 60603
(312) 263-3600
(312) 578-6666 (Fax)

15

## CERTIFICATE OF SERVICE

The undersigned, an attorney, hereby certifies that a true and correct copy of the foregoing document was served via messenger delivery on February 10, 2003 to the following counsel of record:

> John P. Maniatis
> John H. Huston
> Basileios Katris
> Tressler, Soderstrom, Maloney & Priess
> Sears Tower, 22nd Floor
> 233 S. Wacker Dr.
> Chicago, IL 60606-6308
> Phone No.: 312/627-4000
> Fax No.: 312/627-1717
> **Plaintiff's counsel**

*[signature]*

CHI1 #203042 v1

# SEE CASE FILE FOR EXHIBITS